Filed 12/19/13  In re J.B. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.B.,<br><br>        Defendant and Appellant. | E059375<br><br>(Super.Ct.No. INJ1300145)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Lawrence P. Best, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

John N. Aquilina, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

1

The minor J.B. was placed on informal probation for six months in his parents' custody for tripping and pushing another sixth-grade boy five times in succession. As discussed below, we affirm the juvenile court's jurisdiction and disposition orders.

## FACTS AND PROCEDURE

On November 2, 2012, the minor and another boy approached the victim before school in the quadrangle of their middle school. The minor told the other boy that it would be funny if they messed around with the victim. The minor put his foot in front of the victim's feet and then pushed him. The victim tripped and fell forward onto his knees on the grass. He used his right arm to avoid falling flat on the ground. The victim attempted to leave—he "tried to walk away and he kept doing it." The minor giggled and tripped the victim in this manner "at least five times." The other boy then picked up the victim and threw him onto the ground. The victim suffered a broken right wrist and bruised ribs.

The minor was interviewed by a sheriff's deputy after he returned to school from a suspension. He stated that he tripped the victim about three times in order to help him with his balance, because the victim fell often. The minor testified at the jurisdiction hearing that he helped the victim go to the office after the incident, and that he tripped the victim only two times. The victim testified that the minor did not come with him to the office and that he and the minor were not friends.

On April 16, 2013, the People filed a juvenile delinquency petition regarding the minor pursuant to Welfare and Institutions Code, section 602. The People alleged the minor committed felony assault by means of force likely to produce great bodily injury.

(Pen. Code, § 245, subd. (a).)  The minor's mother told the probation officer that she was upset the minor had been charged because he was only trying to help the victim avoid being bullied by other children.

The jurisdiction hearing was held on August 6, 2013.  The juvenile court heard testimony from the victim, a sheriff's deputy and the minor.  At the conclusion of the hearing, the court found true that the minor had committed the lesser included offense of misdemeanor assault.  Although the probation officer had recommended formal probation, the juvenile court ordered the minor to be placed on informal probation for six months in the custody of his parents.  This appeal followed.

## DISCUSSION

After minor appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered minor an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
                                      P. J.

We concur:

HOLLENHORST _____
                              J.

CODRINGTON _____
                              J.

4